# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY OKPEKU | * | |
| Petitioner, | * | |
| v | * | Civil Action No. DKC-11-3105 |
| WARDEN RODERICK SOWERS, STATE OF MARYLAND, | * | |
| | * | |
| Respondents. | | |
| | *** | |

## MEMORANDUM OPINION

Pending is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by self-represented Petitioner Anthony Okpeku ("Okpeku").[1] ECF No. 9. Respondents, through counsel, have filed a limited response requesting dismissal of the petition. ECF No. 13. Okpeku has filed an opposition. ECF No. 14.[2] The matter is briefed and a hearing is unnecessary to resolve the issues. *See* Rule 8, "Rules Governing Section 2254 Cases in the United States District Courts" and Local Rule 105.6 (D. Md. 2011). For reasons to follow, the court will dismiss the petition for lack of jurisdiction.

## BACKGROUND

Okpeku is challenging his 2012 conviction in the Circuit Court for Montgomery County, Maryland, for indecent exposure to a correctional officer, as well as a Circuit Court for

---

[1] This case began on October 24, 2011, when Okpeku filed a motion to re-open a closed habeas corpus proceeding, *Opeku v. Sowers*, Civil Action No. DKC-l0-3066 (D. Md. 2011). On November 15, 2011, the court granted Okpeku until July 18, 2012, to file a Petition for Writ of Habeas Corpus. ECF Nos. 1-3, and 5. The petition was filed on July 18, 2012. ECF No. 9 at 13.

[2] Okpeku's opposition is titled "Ammended [sic] Petition for Writ of Habeas Corpus to Include Writ of Error, Writ of Mandamus, Writ of Prohibition, and Any Other Writ to Bring These Matters to the Court and Motion to Strike Respondant's [sic] Answer." ECF No. 14. The Motion provides no legal basis to strike the Response or otherwise permit amendment. Okpeku has also filed a "Motion to Suspend Rules," in which he asks this court to suspend the rules in two criminal proceedings in the Circuit Court for Montgomery County. ECF No. 15. This court does not have the authority to grant the relief requested and the motion will be denied.

Montgomery County trespassing charge that was dismissed *nolle prossequi* by the State. Respondents seek dismissal of the Petition because Okpeku is not in state custody on the judgment of conviction at issue and has failed to exhaust state court remedies. Okpeku acknowledges that he has been "released by the State." ECF No. 9 at 2. Instead, he wants the court to consider "other issues" which include reviewing the actions taken by the state prosecutor and courts in his cases and issuing declaratory and injunctive relief.[3]

### A. Indecent Exposure before a Correctional Officer

On October 6-7, 2010, a jury sitting in Circuit Court for Montgomery County, Maryland found Okpeku guilty of indecent exposure in the presence of a correctional officer. ECF No. 13, Exhibit 1, Case No. 116170C. On October 15, 2010, the court sentenced Okpeku to three years in prison. On October 26, 2010, Okpeku noted an appeal to the Court of Special Appeals of Maryland. On October 19, 2011, the Court of Special Appeals vacated Okpeku's conviction and remanded the matter for a new trial because the trial court's acceptance of Okpeku's counsel waiver did not comply with the Maryland Rules of Procedure. *See id*. at Docket No. 171. Okpeku was released pending retrial. *See id*., Docket Nos. 133 and 135.[4]

Okpeku was retried. On April 23, 2012, a jury found him guilty of indecent exposure in the presence of a correctional officer. *See id*. at Docket Nos. 222-47. On May 30, 2012, the trial court imposed a time-served sentence of one year and fifty-four days with no probation. *See id.,* Docket No. 260. Okpeku's appeal of this judgment of conviction was dismissed after he failed

---

[3] Okpeku is requesting relief unavailable by writ of habeas corpus. Okpeku asks this court to, *inter alia,* find that he committed no crime of trespass under Maryland appellate law, find that he should never have been charged for trespass, find that the state court "conspired with the State" to conduct an unlawful trial, order the Public Defender, Appellate Division to appeal the "trespass that was struck by the Circuit Court"; and find abuse of process by the State and Circuit Court. ECF No. 9 at 5-6.

[4] During retrial, Okpeku was found in contempt of court and ordered to be held in custody for the duration of trial. ECF No 13, Exhibit 1, Docket Nos. 233 and 238.

to pay the required filing fee. *See id*., Docket No. 263. He has not filed for additional post-judgment relief in state court. *See id*.[5]

### B. Trespass on School Property

On January 6, 2010, Okpeku was convicted after a jury trial in the Circuit Court for Montgomery County of trespassing on public school property. ECF No. 13, Exhibit 2. He was sentenced to six months imprisonment, with all but fifteen days suspended and five years of probation. The Court of Special Appeals of Maryland vacated the judgment on appeal and remanded the matter for a new trial. *See id.*, Docket No. 132. On February 24, 2012, the trespass charge was dismissed *nolle prosequi*. *See id*., Docket Nos. 420-24. Okepu appealed this favorable disposition. His appeal was dismissed for failure to pay the requisite filing fee. *See id*., Docket 429 and Exhibit 4.

## DISCUSSION

Under 28 U.S.C. § 2254(a), federal courts have jurisdiction to entertain applications for habeas corpus only if the petitioner is "in custody" in violation of laws, treaties or the Constitution of the United States. *See Carafas v. LaVallee*, 391 U.S. 234, 238, (1968); *Lackawana County. District Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng v. Cook*, 490 U.S. 488, 491 (1989). When Okpeku filed this Petition on July 18, 2012, he was no longer in Maryland custody on his conviction for indecent exposure in the presence of a correctional officer. As noted, Okpeku does not rebut Respondents' argument that he is no longer in custody and acknowledges the fact of his release. Under these facts, Okpeku cannot be considered "in

---

[5] *See also* http://casesearch.courts.state.md.us/inquiry/inquiryDetail.jis?caseId=116170C&loc=68&detailLoc=MCCR

custody" on this sentence. Accordingly, this court may not exercise jurisdiction over this matter.[6]

Further, Okpeku's trespassing on public school property charge in Case No. 114527C, was *nol prossed* by the State on February 24, 2012. Clearly, Okpedku is not "in custody" under § 2254 because there was no judgment of conviction.

## CONCLUSION

For these reasons, the case will be dismissed for lack of jurisdiction. The court declines to issue a certificate of appealability. A certificate of appealability may issue only if there is a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 33553(c). This standard is met by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been satisfied. A separate order follows.


Date:  July 22, 2013                           /s/
                                               DEBORAH K. CHASANOW
                                               United States District Judge

---

[6] Additionally, Okepeku failed to pursue his appeal. Thus, he has not shown exhaustion of state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez,* 411 U.S. 475, 491, 93 (1973) (ruling that a federal habeas corpus petition under 28 U.S.C. § 2254 must show all claims have been first presented to the state courts).